**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ACENCION LEON, | No. 14-15341 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-00129-BPV |
| v. | |
| CHARLES L. RYAN and STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Bernardo P. Velasco, Magistrate Judge, Presiding

Submitted May 11, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

Jose Leon appeals the district court's order denying his 28 U.S.C. § 2254

petition. Leon generally asserts ineffective assistance of counsel, in that counsel

generally failed to prepare for and challenge the testimony of the state's expert

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

witness, who testified regarding the behavior of child sexual abuse victims. We affirm.

We review the district court's denial of Leon's § 2254 petition de novo. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). A district court may not grant a § 2254 petition unless the state court's adjudication of a petitioner's claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To show ineffective assistance of counsel, Leon must demonstrate that (1) his counsel's performance was deficient; and (2) counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We must indulge a "strong presumption of competence" on the part of counsel. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011). Additionally, "[t]here are countless ways to provide effective assistance in any given case." *Strickland*, 446 U.S. at 689. Because *Strickland*'s test is already deferential to counsel, our review under § 2254 of the Arizona Court of Appeals—which

2

expressly adopted the decision of the Arizona Superior Court—is "doubly deferential." *Pinholster*, 131 S. Ct. at 1403 (internal quotation marks omitted).

Leon contends that his counsel's performance was deficient, because he failed to interview the government's expert witness and had no strategic reason for failing to call an expert witness of his own or pursuing a different strategy on cross-examination. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 446 U.S. at 690-91. Our inquiry into whether counsel's performance was deficient is an objective one, so we must "affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Pinholster*, 131 S. Ct. at 1407 (internal quotation marks omitted).

The record in this case demonstrates that the Arizona Court of Appeals' decision was not unreasonable. While counsel did not interview the expert witness, counsel investigated the government's expert, reviewed similar cases in which the expert testified, and reviewed the substance of the expert's testimony in those cases. At trial, counsel chose to cross-examine the expert regarding her testimony (which was not specific to this victim) about the tendency of child

3

sexual abuse victims to recant their accusations and delay their disclosure, rather than call a rebuttal expert. In light of the strong presumption of competence, it was not an unreasonable application of *Strickland* for the state court to conclude that counsel's chosen strategy was supported by a sufficient investigation. Accordingly, the district court did not err in concluding that Leon failed to demonstrate that the Arizona Court of Appeals' determination that he did not satisfy the first prong of *Strickland* was contrary to, or an unreasonable application of, Supreme Court precedent.

Even if Leon had demonstrated that his counsel's performance was constitutionally deficient, he has not shown that the state court's determination, that he was not prejudiced thereby, was an unreasonable application of *Strickland*. To determine whether Leon was prejudiced in this context, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. Although the case turned on the victim's credibility, it was not unreasonable to conclude that, had counsel done what Leon asserts he was required to do, there was not a reasonable probability that the jury would both refuse to credit the expert's testimony and reject the victim's testimony. Accordingly, the district court did not err in denying Leon's petition.

4

**AFFIRMED**.